## Robert Furman et al., Appellees, v. Helen Wells Hunt, Appellant.

## Gen. No. 16,552.

1. WILLS—*when act giving jurisdiction to Probate Court to construe does not apply.* This act has no application to a case where the jurisdiction of the circuit court has attached prior to its going into effect.

2. WILLS—*what intention of testator governs.* The rule is inflexible that the object of the construction of wills is to ascertain the intention expressed by the testator and the intention sought is not that which by inference may be presumed to have existed in the mind of the testator but that which by the words used in the will he has expressed.

3. WILLS—*the word "children" construed.* A grandchild of a person named in a will to whose children and issue bequest is made does not take where the parent of such grandchild was dead at the time of the making of the will, especially where such grandchild was specially provided for by the terms of the will.

Bill in chancery. Appeal from the Circuit Court of Cook county; the HON. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 19, 1912.

ROBERT A. CHILDS and LESTER C. CHILDS, for appellant.

DANIEL S. WENTWORTH, for appellees.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Robert Wilson, a citizen of Chicago, died on or about October 22, 1906. By his will he made certain specific legacies and appointed the Chicago Title & Trust Company executor and also trustee with power to sell real estate, and to distribute the proceeds as directed.

In the fifth clause of his will, after giving appellant a specific legacy, he made the following provision:

"All the remainder of my estate shall be divided into two equal parts, one of said parts to be distributed among the children of my deceased sister, Margaret Furman, share and share alike, and if any of said children should die before distribution of my estate, then the share which said deceased child would have been entitled to if living shall belong to and be paid over to the heirs at law of said deceased child."

The will was proved and admitted to probate, and the Chicago Title & Trust Company qualified as executor and trustee thereunder and proceeded to administer the estate.

On July 10, 1908, while the estate was in process of administration, this bill in chancery was filed in the Circuit Court of Cook County by Robert Furman, William Furman, by Daniel S. Wentworth, assignee, and five other complainants, as legatees under the will of Robert Wilson, against the Chicago Title & Trust Company as executor and trustee under the will, Daniel Furman and Helen Wells Hunt, appellants. The complainants are the children of Margaret Furman, deceased, a sister of testator, Daniel Furman, a defendant, being also a child of the said Margaret Furman, deceased. Helen Wells Hunt, appellant, is the daughter of Margaret Furman Clark, a daughter of said Margaret Furman, sister of deceased.

The bill seeks a construction of the will, and particularly of that part of clause 5 quoted, with the purpose of excluding appellant, Helen Wells Hunt, from participating as residuary legatee under the said fifth clause of the will.

The Chicago Title & Trust Company filed its answer admitting responsibility as executor and trustee and asking for proofs as to who the children and heirs at law of Margaret Furman may be, and the answer avers that the defendant is not advised as to the proper construction of said fifth clause and asks for direction by order of the court.

Appellant answered the bill admitting that the will was proved and admitted to probate; that the Chicago Title & Trust Company took charge of the estate as executor and trustee, and it had paid to her a special legacy of $300 provided for her in the fifth clause of the will. It admits that she is the daughter and only child of Margaret Furman Clark, who was the daughter of Margaret Furman, the sister of testator. Appellant's answer denies that she is not entitled to share in the distribution under the fifth clause of the will, and asserts that she is entitled to the share of her mother, Margaret Furman Clark. Her answer denies that there is any ambiguity in the will or any necessity for any construction thereof, and prays the bill may be dismissed for want of equity. Daniel Furman, the other defendant, answered demanding strict proof of the substantial allegations of the bill. Replications were filed and issues joined and the cause came on for hearing. William Furman, who was a party complainant, testified that Margaret Furman was a sister of testator, and died prior to the date of the will; that Margaret Furman Clark, a daughter of said Margaret Furman, and mother of Helen Wells Hunt, appellant, died prior to the death of Margaret Furman. A copy of the will and inventory attached to the bill were admitted in evidence by stipulation, and it was admitted

that the names of the children born to Margaret Furman were correctly set forth in the bill of complaint.

On January 27, 1910, the court entered a decree which after making various findings ordered, adjudged and decreed that Robert Wilson, deceased, by the words, "All the remainder of my estate shall be divided into two equal parts, one of said parts to be distributed among the children of my deceased sister, Margaret Furman, share and share alike, and if any of said children should die before distribution of my estate, then the share which said deceased child would have been entitled to, if living, shall belong to and be paid over to the heirs at law of such deceased child," as used in the fifth clause of the last will and testament of Robert Wilson, deceased, did order and direct the Chicago Title & Trust Company, as trustee, to distribute from the residuary estate of the said Robert Wilson, deceased, a one-sixteenth portion to each of the following persons, naming them, and that the said Helen Wells Hunt, appellant, does not under said last will and testament participate in said residue estate.

It is urged first, that the Circuit Court of Cook county was without jurisdiction to construe the will on the pleadings in the cause, and that the intention of the testator must govern in construing a will; and in construing a will the court may consider the relations of the parties, and nature and situation of the subject-matter, the purpose of the instrument and the motives that would influence the testator, and that this will cannot be legally construed to deprive the appellant of her share as the heir of her mother in the residuum of the estate devised by the will.

Upon the question of the jurisdiction of the Circuit Court to entertain and determine the bill of complaint and the matters therein set forth, the act of the Legislature of June 14, 1909, extending the jurisdiction of the Probate Courts and of the County Courts in counties where no Probate Courts are established, to super-

vise and control all testamentary trusts created by original wills of deceased persons proved and admitted to probate is relied upon. In our opinion that act does not apply to this case inasmuch as the bill of complaint was filed more than one year before the law was enacted. So that if the Probate Court was by that act given jurisdiction to construe the will in question it was not so vested with that jurisdiction until after the Circuit Court had acquired jurisdiction of the parties and the subject-matter. It is unnecessary for us therefore to decide the question not presented on this record, whether the effect of the act of 1909 is to oust Circuit Courts of jurisdiction in the first instance in the matter of construing wills. In our opinion, the Circuit Court had jurisdiction to hear and determine this cause.

It is not questioned that the intention of the testator must govern in construing wills, and that a court may consider under certain circumstances, the motives that would influence the testator in making his will; but the rule is inflexible that the object of the construction of wills is to ascertain the intention expressed by the testator, and the intention sought is not that which by inference may be presumed to have existed in the mind of the testator, but that which by the words used in the will he has expressed. Bond v. Moore, 236 Ill. 576, 579.

In our opinion, in order that appellant, Helen Wells Hunt, should take under the fifth clause of the will, it would be necessary for appellant's mother, Margaret Furman Clark, to have been living at the time the testator made the will, or at the time of his death; but inasmuch as said Margaret Furman Clark died long prior to the making of the will, and two years prior to the death of said "deceased sister, Margaret Furman," appellant does not come within the classification of "children of my deceased sister Margaret Furman."

Inasmuch as she did not come within that classification, it is clear from a reading of the will that the testator had appellant in mind and had that fact in mind; and in order that she might participate in his estate he gave her a special legacy of $300 in the same clause and a few lines before he provides for the residuary legacies.

It is also evident, we think, from the provision the testator made in connection with the residuary legacies, that he had the contingency of the death of some of the then living children of his deceased sister, Margaret Furman, in mind and provided for their heirs in case of their demise before his death; and he likewise provided by special legacy for appellant.

In the clause of the will under consideration the residue of the estate is in part divided among the "children of my deceased sister, Margaret Furman." As the defendant, Helen Wells Hunt, is a grandchild of Margaret Furman she cannot claim under that clause unless the word "children" includes grandchildren.

No Illinois authorities are cited to maintain the contention that appellant Helen Wells Hunt, the granddaughter, takes under the word "children."

We think that Arnold v. Alden, 173 Ill. 229; Martin v. Modern Woodmen, 253 *Id.* 400, are in point upon this question, and that by the use of the word "children" the testator evidently intended to limit the residuary legacies to the children of his deceased sister, and did not intend that appellant should have the specific legacy of $300 given her in the fifth clause of his will, and that she should also participate in what he termed, "All the remainder of my estate," which he disposes of in the same clause. If it had been his intention to give appellant the specific legacy in addition to a share in the remainder, or to give her a share in the remainder in addition to the specific legacy, he would have expressed such intention in appropriate language. In our opinion the testator's intention, as gathered

from the words and terms used in the will (Bond v. Moore, 236 Ill. 576), was that appellant should have from his estate the specific legacy mentioned in the will and no more. In our opinion the decree is correct in holding that appellant, a grandchild of the deceased sister of the testator, does not participate as a residuary legatee in the estate of Robert Wilson, the testator, and it is accordingly affirmed.

*Affirmed.*